John L. HRBEK, Appellant,

v.

Harold FARRIER; Crispus C. Nix; Bruce McDonald; Neal Boeding, Appellees.

No. 85–1376.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1985.

Decided March 27, 1986.

Jon P. Sullivan, Des Moines, Iowa, for appellant.

Sarah Coats, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

ROSS, Circuit Judge.

John L. Hrbek appeals from the district court's [1] dismissal of his complaint alleging violations of his constitutional rights in connection with the deduction of certain funds from his prison account. For the reasons set forth below, we affirm the judgment of the district court.

## I. FACTS

Hrbek is a prisoner in the Iowa State Penitentiary where he is serving two consecutive life sentences for his conviction in 1982 on two counts of first degree murder. As part of his sentence, Hrbek's state court costs were taxed against him.

While in prison Hrbek worked for the institution and in return, officials of the penitentiary paid him an amount determined to be practical pursuant to their authority under Iowa Code § 218.42.[2] Hrbek was not paid in cash; rather an amount was credited to his prison account.

In May 1984, pursuant to Iowa Code § 218.43[3] a repayment plan was set up whereby 20% of Hrbek's future institutional wages would be deducted from his account and sent to the county where he had been tried and assessed costs. Hrbek refused to sign the form giving prison officials his consent to deduct the funds under section 218.43. On May 25, 1984, Warden Nix approved the plan and thereafter deductions were made. Hrbek was notified of the specific deductions when they occurred.

In June 1984, Hrbek filed a complaint against the appellees who are the four prison officials connected with the deduction of funds from his prison account. Hrbek brought the action under 42 U.S.C. § 1983 (1976) and sought the return of the deducted funds, an injunction, damages, attorneys' fees and a declaration that section 218.43 was unconstitutional. The appellees filed a motion for summary judgment based on the argument that Hrbek had no constitutionally protected interest in the funds received pursuant to section 218.42. The district court agreed, granted appellees' motion, and dismissed Hrbek's complaint. Hrbek now appeals.

## II. DISCUSSION

The central issue before us is whether Hrbek possessed a protectable

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

2. Section 218.42 provides:

When a resident performs services for the state at an institution, the director in control of such institution may, when the director deems such course practicable, pay such resident such wage as it deems proper in view of the circumstances, and in view of the cost attending the maintenance of such resident. In no case shall such wage exceed the amount

paid to free labor for a like service or its equivalent.

3. Section 218.43 provides:

If such wage be paid, the director in control of such institution may deduct therefrom an amount sufficient to pay all or a part of the costs taxed to such resident by reason of the resident's commitment to said institution. In such case the amount so deducted shall be forwarded to the clerk of the district court or proper official.

property interest, within the meaning of the due process clause, to the full amount of the wages he earned while working in the prison after May 1984. Hrbek contends he possessed a constitutionally protected property interest in the full amount of such wages. We disagree.

In order for an interest to be "property" within the meaning of due process it must amount to a legitimate claim of entitlement grounded in state law. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982). As the Supreme Court has stated:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.
>
> \*     \*     \*     \*     \*     \*
>
> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law \* \* \* .

*Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). We turn then to the applicable state law to determine whether Hrbek possessed such a property interest.

Hrbek claims a property interest in the full amount of the wages he earned while in prison pursuant to section 218.42. The Iowa Legislature has provided in section 218.42 that a prisoner *may* be paid such

wage as the director of the institution deems proper under the circumstances. In section 218.43 the Legislature further provided that if the director, in his discretion, pays any wages, he *may* deduct an amount sufficient to pay all or part of the costs taxed to such inmate by reason of his commitment to the institution. Thus, according to Iowa law, the payment of prison wages is a matter subject to the discretion of the director of the institution and the amount paid, if any, is subject to the condition that it may be reduced to repay court costs.

■ These statutory provisions clearly establish that Hrbek can assert no legitimate claim of entitlement to the full amount of his wages based upon state law. Hrbek's receipt of the wages pursuant to section 218.42 carried with it the condition expressly set forth in section 218.43 that the amount could be reduced to pay court costs. There is no constitutional right to prison wages and any such compensation is by the grace of the state. *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir.1968), *cert. denied*, 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969).[4] Further a state legislature may grant a favor to a convicted criminal, but it may also attach such conditions to . the granting of the favor as it deems proper. *Id.* This is exactly what the Iowa Legislature has chosen to do by enacting sections 218.42 and 218.43, and we infer from that express statutory language that the state did not intend to confer property rights on those wages in the constitutional sense.[5]

---

4. Hrbek's reliance on footnote 1 in *Sigler* is misplaced, because the statute in question did not authorize the warden to pay court costs as in this case. 404 F.2d at 662.

5. We note in passing the Iowa Legislature recently passed the following relevant provisions:

    **217A.46. Services required—wages**

    Inmates of the institutions may be required to render any proper and reasonable service either in the institutions proper or in the industries established in connection with them. When an inmate of an institution is working outside the institution proper, the inmate shall be deemed at all times to be in the actual custody of the superintendent of the institution.

The director may when practicable pay the inmate a wage as the director deems proper in view of the circumstances, and in view of the cost attending the maintenance of the inmate. The wage shall not exceed the amount paid to free labor for a like or equivalent service.

**217A.47. Deduction to pay court costs or dependents—deposits**

If wages are paid pursuant to section 217A.46, the director may deduct an amount established by the inmates' restitution plan of payment. The amount deducted shall be forwarded to the clerk of the district court or proper official. The director may pay all or any part of remaining wages paid pursuant to section 217A.46 directly to a dependent of the

The warden's act of approving such deductions was pursuant to express statutory authority and does not constitute an abuse of governmental power. We have recently been reminded by the Supreme Court that the touchstone of due process is protection of the individual against arbitrary action of government and that we should take care not to trivialize the due process clause. *Daniels v. Williams*, — U.S. —, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986). We find no arbitrary action on the part of the prison officials in this case who were careful to make deductions only from Hrbek's future wages earned after May 1984.

Our conclusion that Hrbek has no legitimate claim of entitlement to the full amount of his wages is further supported by this court's recent decision in *Ervin v. Blackwell*, 733 F.2d 1282 (8th Cir.1984). In *Ervin*, this court held that an inmate did not have a protectable property interest in the full amount of the salary he earned in a work release program because the state regulations specifically conditioned participation in the program on payment of maintenance costs. 733 F.2d at 1286. In light of the state regulations, we held that the denial of full prison earnings to Ervin was not a constitutional deprivation that was actionable under section 1983. *Id.* In similar fashion we hold today that the warden's deduction of a part of Hrbek's wages pursuant to section 218.43 does not amount to a deprivation of a constitutionally-protected property right.

■ Hrbek also argues that section 218.-43 violates the equal protection clause because prisoners are being treated differently than nonprisoners. We have considered this argument and find it unpersuasive for the principal reasons that the classes are not similarly situated and there is a rational basis for the classification that the statute creates. *See, e.g., Glouser v. Parratt*, 605 F.2d 419 (8th Cir.1979).

inmate, or may deposit the wage to the account of the inmate, or may deposit a portion and allow the inmate a portion for the inmate's personal use.

### III. CONCLUSION

Because Hrbek does not possess a protectable property interest, within the meaning of the due process clause, to the full amount of prison wages he received after May 1984, the prison officials' conduct is not actionable under section 1983. The judgment of the district court granting summary judgment to the appellees is affirmed.

While these provisions do not affect our determination today, we do think they are an even clearer expression of legislative intent.