23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Zolo Agona AZANIA, Plaintiff-Appellant,
v.
Evan BAYH, et al., Defendants-Appellees.
 No. 93-2094.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.*
Decided April 20, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Zolo Agona Azania, an inmate at the Indiana State Prison, appeals the dismissal of his complaint under 42 U.S.C. Sec. 1983 pursuant to Federal Rule of Civil Procedure 12(b)(6). We affirm.
 
 
 2
 With respect to Azania's personal-capacity claims[1] against the defendants, "[s]ection 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a Sec. 1983 action unless he caused or participated in an alleged constitutional deprivation." Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983) (emphasis in original) (citations omitted). "Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." Id. (citation omitted). The district court properly dismissed Azania's claims against defendants Evan Bayh, James Aiken, and Robert Farley because the complaint does not allege sufficient personal involvement in the alleged constitutional violations by these defendants.
 
 
 3
 Azania alleges that the defendants unconstitutionally deprived him of his monthly pay of $13.00. This allegation does not state a claim upon which relief can be granted because inmates have no constitutional right to be paid for their labor. Murray v. Mississippi Dep't of Corrections, 911 F.2d 1167 (5th Cir.1990), cert. denied, 498 U.S. 1050 (1991); Hrbek v. Farrier, 787 F.2d 414, 416 (8th Cir.1986); Sigler v. Lowrie, 404 F.2d 659, 661 (8th Cir.1968), cert. denied, 395 U.S. 940 (1969).
 
 
 4
 Azania asserts that the failure of prison officials to send inmates' mail out of the prison on Saturdays violates his rights under the First Amendment. "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). We are unaware of any precedent establishing that inmates have a constitutional right to send mail on Saturdays.[2] The alleged failure to send mail on Saturdays is reasonably related to legitimate administrative concerns and thus is constitutional. See id. at 89-91.
 
 
 5
 Azania asserts that telephones have been unconstitutionally removed from his disciplinary segregation unit, but does not allege that he has no access to a telephone or that he has ever been denied the use of a telephone. "A prisoner has no right to unlimited telephone use." Benzel v. Grammer, 869 F.2d 1105, 1108 (8th Cir.), cert. denied, 493 U.S. 895 (1989). We have held that limited telephonic access of one telephone call every other day by inmates, monitored by prison officials, is constitutional. Martin v. Tyson, 845 F.2d 1451, 1458 (7th Cir.), cert. denied, 488 U.S. 863 (1988). The alleged removal of the telephones is not an unreasonable limitation on telephonic access and thus is constitutional.
 
 
 6
 Azania's final argument is that his procedural due process rights under the Fourteenth Amendment were violated when he was placed in administrative segregation from November 9-19, 1991, without a prior hearing.[3] This allegation does not state a claim upon which relief can be granted. In Hewitt v. Helms, 459 U.S. 460 (1983), the Supreme Court established the standard under the due process clause of the Fourteenth Amendment for "the decision to confine an inmate to administrative segregation pending completion of an investigation into misconduct charges against him." Hewitt v. Helms, 459 U.S. at 479. Assuming that Indiana has provided Azania with a protected liberty interest in remaining free from administrative segregation, see Smith v. Shettle, 946 F.2d 1250, 1252-54 (7th Cir.1991), procedural due process requires that Azania "merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation," which must occur within a reasonable time following his transfer. Hewitt v. Helms, 459 U.S. at 479; accord Smith v. Shettle, 946 F.2d at 1254. The facts alleged in Azania's complaint indicate that these requirements were satisfied. Azania received a "Segregation/Confinement Report" which informed him of the battery charge, and a disciplinary hearing was held only ten days after his transfer to administrative segregation.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Azania's complaint does not specify whether suit is brought against the defendants in their official capacities or in their personal capacities. The Eleventh Amendment bars suits against state officials for damages in their official capacities in federal court. Kentucky v. Graham, 473 U.S. 159, 169-70 (1985). The Eleventh Amendment, however, does not bar suits against state officials in their personal capacities in federal court. Id. "[A]n official capacity suit will be presumed when the indicia of an official policy or custom are present in the complaint." Hill v. Shelander, 924 F.2d 1370, 1373 (7th Cir.1991). Similar to the pro se complaint at issue in Hill v. Shelander, Azania's complaint, when "read in its entirety," clearly shows that suit was intended against the defendants in their personal capacities. Id. at 1374. The punitive damages requested in the complaint may be recovered against government actors only in personal capacity suits, the alleged unconstitutional conduct involves individual actions of the defendants, and the complaint does not refer to an official policy or custom which would shield the defendants from personal liability. Id
 
 
 [2]
 Many people who do not reside in prison are also unable to send mail on Saturdays or have substantial difficulty doing so
 
 
 [3]
 Although Azania asserts that he was subject to "punitive segregation," the complaint does not allege an "expressed intent to punish" by prison officials. Bell v. Wolfish, 441 U.S. 520, 538 (1979) (citation omitted). Since the alleged segregation appears to be merely "an incident of a legitimate nonpunitive governmental objective," id. at 539 n. 20, the investigation of misconduct charges against Azania, we construe the alleged segregation to be administrative segregation. Hewitt v. Helms, 459 U.S. 460, 473 (1983)