**Jack Lee BOUNDS, Plaintiff,**

v.

**Ron O'DELL, et al., Defendants.**

**No. 4:91CV01036 GFG.**

United States District Court,
E.D. Missouri,
Eastern Division.

Jan. 18, 1995.

---

### MEMORANDUM

GUNN, District Judge.

This matter is before the Court on various motions.

Plaintiff is a Missouri inmate who was incarcerated at the Potosi Correctional Center when he filed the instant suit. Plaintiff claims that defendant prison officials violated his due process, equal protection and ex post facto rights by applying a new policy linking assignment and compensation for prison jobs to educational achievements. Plaintiff alleges that the policy, implemented on January 1, 1990, was applied to him before such date. As a result, plaintiff claims to have been denied certain wage increases from August 16, 1989 to the effective date of the new policy. Defendants have filed a motion for summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2515; *City of Mt. Pleasant v. Appreciated Elec. Co-op.*, 838 F.2d 268, 273–74 (8th Cir.1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The pleadings and documents attached thereto establish the following. Plaintiff was working at a prison job for which the salary was $10.00 to $32.50 per month when an August 16, 1989, memorandum was issued. The memorandum advised that effective July 1, 1990, inmates who did not have an eighth grade education would not be permitted to enter premium pay positions of $20.00 per month or above. The document further stated that the rule would not affect inmates already so assigned. Another memorandum, dated December 27, 1989, explained that an inmate with less than an eighth grade education who was being paid $20.00 or more prior to January 1, 1990, would remain at that level until he obtained an eighth grade education.

When the first memorandum was issued, plaintiff did not meet the eighth grade educational requirement. He alleges that at some time during December 1989 he was denied salary increases based on the new policy (presumably because he was earning at least $20.00 per month and did not have an eighth grade education.) Thereafter, he achieved eighth grade equivalency. His administrative grievances challenging the denial of raises until he satisfied the educational requirement were denied.

 Plaintiff's due process claim must be based on a property interest created by state law to the wages he claims. *Hbrek v. Farrier*, 787 F.2d 414, 416 (8th Cir.1986). The *Hbrek* case involved an Iowa law which provides that a prisoner may be paid such wages as the director of the prison deems proper under the circumstances and that if

wages are paid they may be reduced to pay court costs. *Id.* Missouri law provides that the Division of Adult Institutions must adopt rules and regulations providing for inmate compensation. Mo.Ann.Stat. § 217.255.1, 2. Therefore, plaintiff has a property interest in receiving wages in accordance with the regulations established for Potosi. The issue then becomes whether Potosi regulations in effect at the relevant time of this lawsuit entitled plaintiff to raises under certain circumstances. If the granting of raises is discretionary, without particular substantive criteria governing the decision, plaintiff would not have a property interest in raises and his due process claim would fail. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 462–63, 109 S.Ct. 1904, 1909–10, 104 L.Ed.2d 506 (1989). The Department of Corrections regulation provided to the Court by defendants on inmate wages does not establish that plaintiff had a property interest in any wage increase. The regulation suggests that wages are a matter of discretion to be determined by the heads of each prison according to available funds, the performance of the inmates and the value of their work to the institution. Missouri Dep't of Corrections, Rule 20.120.040(1) (1984 & Supp.1988).

Plaintiff has not responded to defendants' motions for summary judgment. This Court is " 'not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.' " *White v. McDonnell Douglas Corp.,* 904 F.2d 456, 458 (8th Cir.1990), (quoting *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989)). Plaintiff has failed to point to any Missouri law that grants him a property interest in raises, and therefore, plaintiff has failed to state a due process claim. *Robinson v. Cavanaugh,* 20 F.3d 892, 894 (8th Cir.1994).

In an order dated September 15, 1992, this Court found that plaintiff had not stated an equal protection claim or ex post facto claim. In light of the failure of plaintiff's due process claim for reasons stated above, the Court will not exercise supplemental jurisdiction over plaintiff's state law breach of con-

tract .claim. Accordingly, the Court finds that defendants are entitled to summary judgment in their favor.

### *JUDGMENT AND ORDER*

Pursuant to the memorandum filed herein on this date,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is granted.

**IT IS FURTHER ORDERED** that defendants' motion to compel is denied as moot.

**IT IS FURTHER ORDERED** that defendants' motion for sanctions is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is denied.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of defendants and against plaintiff.