Timothy B. BROWN, Plaintiff,

v.

Daniel R. McBRIDE, et al., Defendants.

No. 3:96–CV–297 RM.

United States District Court,
N.D. Indiana,
South Bend Division.

May 20, 1996.

Timothy B. Brown, Westville, IN, pro se.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Timothy Brown submitted a complaint under 42 U.S.C. § 1983, and a petition and affidavit for leave to proceed without prepayment of the full $120 filing fee pursuant to 28 U.S.C. § 1915. For the following reasons, the court defers ruling on the plaintiff's petition.

Indigent prisoners may request leave of the court to proceed without full prepayment of fees under 28 U.S.C. § 1915. Pursuant to the Prisoner Litigation Reform Act (P.L. No. 104–134, 110 Stat. 1321), signed into law on April 26, 1996, federal courts must deny leave to proceed *in forma pauperis* and dismiss a prisoner's claim, "if the allegation of poverty is untrue," or the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a), (b). It appears Mr. Brown is indigent, and nothing suggests that his claim is malicious. The complaint as presently drafted, however, fails to state a claim upon which relief can be granted.

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court will apply the same standard under § 1915 as when addressing a motion under Rule 12(b)(6). A complaint states no actionable claim where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), citing, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Dawson v. General Motors Corp.,* 977 F.2d 369, 372 (7th Cir.1992). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." *Sherwin Manor Nursing Ctr. v. McAuliffe,* 37. F.3d 1216, 1219 (7th Cir.1994). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman,* 16 F.3d 183, 188 (7th Cir.1994), the court need not strain to find inferences favorable to the plaintiff that are not apparent on the face of the complaint, *Coates v. Illinois State Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir.1977), nor must it ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. *City Nat'l Bank of Florida v. Checkers, Simon & Rosner,* 32 F.3d 277, 281 (7th Cir.1994).

Mr. Brown alleges that he named Westville Correctional Center ("WCC") Correctional Officer Walker as a defendant in another case he filed in this court, cause number 3:96–CV–92 RM, and that Officer Walker was served with process on March 28, 1996. In this action, Mr. Brown asserts that ten WCC officials, not including Officer Walker, retaliated by filing several un-

identified "arbitrary and capricious documents against him" between March 8 and April 8, 1996. He also asserts that on March 6, 1996, five of the defendants placed him in a portion of a dormitory housing unit where he was subjected to conditions which violated the Eighth Amendment's prohibition against cruel and unusual punishment.

Mr. Brown claims that WCC officials retaliated against him, in violation of the Fifth and Fourteenth Amendments, for exercising his rights under the First Amendment to seek redress of grievances by filing a lawsuit.[1] A plaintiff asserting a claim of retaliation for exercising a constitutionally protected right must show that retaliation was a motivating factor behind the defendant's actions, and the plaintiff bears the burden on that issue. *Mount Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 285–87, 97 S.Ct. 568, 575–76, 50 L.Ed.2d 471 (1977). To show a defendant's motivation, the plaintiff must allege a chronology of events from which a retaliatory motive could arguably be inferred. *Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir.1987). Simply alleging the ultimate fact of retaliation is not enough, *Murphy v. Lane*, 833 F.2d at 108, nor does the fact that the plaintiff filed an earlier lawsuit against the defendant, standing alone, imply retaliation. *Benson v. Cady*, 761 F.2d 335 (7th Cir.1985).

Mr. Brown premises his retaliation claim solely on the fact that he filed a lawsuit against Officer Walker, which was followed— or apparently in some instances preceded— by other officials writing unspecified documents against him. The facts, as stated in the complaint, are insufficient to satisfy Mr. Brown's burden of establishing a retaliation claim. Mr. Brown does not identify the documents or state their effect on him, and he does not state facts from which a reasonable inference could be drawn that these particular officials, most of whom were not defendants in the earlier action, acted with a retaliatory motive.

Mr. Brown also asserts that some of the defendants violated his Fourteenth Amendment rights by placing him in Eight Dormitory's "C" Section without due process. The Fourteenth Amendment's due process clause does not protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner. *Sandin v. Conner*, —— U.S. ——, ——, 115 S.Ct. 2293, 2297, 132 L.Ed.2d 418 (1995), citing *Meachum v. Fano*, 427 U.S. 215, 222, 96 S.Ct. 2532, 2537, 49 L.Ed.2d 451 (1976). Due process rights may arise either directly from the Fourteenth Amendment or be created by state law. *Meachum v. Fano*, 427 U.S. at 225–228, 96 S.Ct. at 2538–2540. The Fourteenth Amendment itself creates no right to due process before a state prisoner can be moved from one institution to another, *Meachum v. Fano*, 427 U.S. at 224–225, 96 S.Ct. at 2538–2539, or from one portion of an institution to another, *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir.1987), and only dramatic departures from the basic conditions of a prisoner's sentence create circumstances "in which a state might conceivably create a liberty interest." *Sandin v. Conner*, —— U.S. at ——, 115 S.Ct. at 2301. Even confinement in disciplinary segregation for up to a year is not the sort of dramatic departure from the basic conditions of a prisoner's sentence in which a state might conceivably create a liberty interest. *Stone-Bey v. Barnes*, 913 F.Supp. 1226, 1232–33 (N.D.Ind.1996).

Finally, Mr. Brown asserts that conditions in "C" Section violated the Eighth Amendment because he was denied education programs, rehabilitative programs, state pay, showers, and access to games or a television. He also alleges that he was required to share one sink, one water fountain, two urinals, and four toilets with forty nine other inmates. The Eighth Amendment prohibits punishment that is "cruel and unusual." *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is suffi-

---

1. The Fifth Amendment applies only to acts of the federal government and does not limit actions of state or local officials. *Patrick v. Staples*, 780 F.Supp. 1528, 1539 (N.D.Ind.1991).

ciently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan,* 511 U.S. 825, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

 Prisoners are not entitled to educational, vocational, or rehabilitative programs. *Newman v. Alabama,* 559 F.2d 283 (8th Cir.1977), *cert. denied* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978); *Diehl v. Wainwright,* 419 F.2d 1309 (5th Cir.1970). Prisoners are also not entitled to state pay even if they have a work assignment. *Hrbek v. Farrier,* 787 F.2d 414 (8th Cir.1986); *Woodall v. Partilla,* 581 F.Supp. 1066, 1077 (N.D.Ill.1984). Finally, lack of access to a television or games, limited shower access, and sharing a limited number of sinks, water fountains, and similar fixtures with other inmates does not deprive a prisoner of the minimal civilized measure of life's necessities. Even giving Mr. Brown the benefit of the inferences to which he is entitled, his allegations state no claim upon which relief can be granted under the standards of *Wilson,* and *Farmer.*

 The court has given Mr. Brown's claims fair and meaningful consideration. *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984). The court will not rule on Mr. Brown's petition to proceed *in forma pauperis* at this time because the allegations in the complaint do not present an arguable claim for relief under § 1983. Instead, the court will allow Mr. Brown an opportunity to amend the complaint to state more explicit facts which might state a claim upon which relief could be granted. In the event that an amended complaint stating a colorable claim is not filed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915 as amended. Mr. Brown's retaliation claims are connected with *Brown v. Sommers et al.,* 3:96–CV–92 RM, and involve events that happened since the filing of that complaint. Accordingly, Mr. Brown could present this claim to the court in a supplementary complaint pursuant to Fed.R.Civ.P. 15(d).

In addition, Mr. Brown's petition to proceed *in forma pauperis* is not on the proper form. The statute that covers suits proceeding *in forma pauperis,* 28 U.S.C. § 1915 now reads in relevant part as follows:

(a)(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal from the appropriate official of each prison at which the prisoner is or was confined. . . .

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil rights action or files an appeal in forma pauperis, **the prisoner shall be required to pay the full amount of the filing fee.** The court shall assess and, when funds exist, collect, as partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

(b)(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

28 U.S.C. § 1915(a)(2) and (b)(1), (2) (emphasis added).

All requests to proceed *in forma pauperis* now must be supported by a properly completed copy of this court's new application. The clerk shall enclose a copy of the new form for the plaintiff to submit. The plaintiff must satisfy the application's requirement regarding certification of his prisoner account by having an authorized officer complete the "Certificate" section of the application. Failure to submit a properly completed petition may result in dismissal of this action without prejudice, and without further notice.

Accordingly, the court:

(1) DEFERS ruling on the petition for leave to proceed without full prepayment of fees and costs;

(2) AFFORDS the Plaintiff to and including July 22, 1996, to submit an amended complaint that states a claim which would entitle him to relief under § 1983;

(3) AFFORDS THE PLAINTIFF to and including July 22, 1996, within which to file a properly completed petition to proceed without full prepayment of fees and costs; and,

(4) DIRECTS THE CLERK to provide the plaintiff with this court's new form for proceeding with a § 1983 action *in forma pauperis.*

SO ORDERED.