_____

No. 96-2000
_____

Stephen Andrew Hodgson,            *
                                    *

      Appellant,          *
                                    *

   v.                   *
                                    * Appeal from the United States

Frank W. Wood, Commissioner of   * District Court for the
Corrections; James Bruton,      * District of Minnesota.
Deputy Commissioner; Dennis L.  *
Benson, Warden of MCF-STW;     *     [UNPUBLISHED]
John Doe, unknown at this time;  *
John Doe, unknown at this time,  *
                                      *

      Appellees.          *

_____

Submitted:  February 7, 1997

Filed: March 6, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Stephen A. Hodgson, a Minnesota inmate, appeals from the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. We affirm.

In 1973, the Minnesota legislature enacted Minn. Stat. Ann. § 243.88(2), which provides that inmates who work in interstate industry will be paid the prevailing minimum wage, in compliance with the Ashurst-Sumners Act, 17 U.S.C. § 1761. See 17 U.S.C.

_____

The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota.

§ 1761; Minn. Stat. Ann. § 243.88(2) (1992). In 1994, the Minnesota Department of Corrections (MDOC) implemented a statewide policy of deducting the cost of room and board from the gross wages of inmates making over $2.20 per hour, pursuant to Minn. Stat. Ann. § 243.23(2) (1992) (providing that MDOC commissioner may deduct cost of room and board from inmate wages, including wages earned pursuant to section 243.88).

Hodgson, whose interstate industry work assignment began in 1994 and now earns him $5.00 per hour, commenced this section 1983 action, arguing the room and board deduction deprived him of his guaranteed wages without due process of law; violated his equal protection rights because the deduction was applied only to inmates who made over $2.20 per hour; and increased his criminal punishment in violation of the Ex Post Facto Clause. The district court granted defendants' motion for summary judgment, concluding that Hodgson did not have a property interest in his gross wages; that Hodgson did not allege he was treated differently than those similarly situated; and that the MDOC policy was not implemented to punish Hodgson for a past crime.

We review de novo the district court's grant of summary judgment and will affirm only if the record, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Mahers v. Halford, 76 F.3d 951, 954 (8th Cir. 1996) (standard of review), cert. denied, 117 S. Ct. 696 (1997).

We agree with the district court that Hodgson's due process claim fails. Wages earned pursuant to section 243.88(2) are conditioned upon section 243.23(2)'s express authorization of deductions for the costs of room and board. See Minn. Stat. Ann.

-2-

§§ 243.23(2), 243.88(2)-(3) (1992); <u>see also</u> 18 U.S.C.

§ 1761(c)(2)(B) (permitting states to deduct room and board costs from inmate wages).  Thus, Hodgson failed to demonstrate a legitimate claim of entitlement grounded in state law to his gross wage.  See Hrbek v. Farrier, 787 F.2d 414, 416 (8th Cir. 1986) (finding state statute authorizing wages was conditioned upon other statute allowing for deductions; thus, wage statute did not confer property rights to entire wage); Ervin v. Blackwell, 733 F.2d 1282, 1286 (8th Cir. 1984) (same).

We also agree with the district court that Hodgson's equal protection claim fails.  "The Equal Protection Clause generally requires the government to treat similarly situated people alike." Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994), cert. denied, 115 S. Ct. 1177 (1995).  Even assuming Hodgson is similarly situated to inmates who earn $2.20 per hour, he did not rebut defendants' evidence that the policy was rationally related to the legitimate penological interests of defraying room and board costs, teaching financial responsibility, and equalizing the spending ability of inmates.  See Turner v. Safley, 482 U.S. 78, 79 (1987); Timm v. Gunter, 917 F.2d 1093, 1103 (8th Cir. 1990), cert. denied, 501 U.S. 1209 (1991).

Finally, the district court correctly concluded that Hodgson's ex post facto claim fails because he did not rebut defendants' evidence that section 243.23 was implemented to defray the costs of supporting the inmate population, not to punish him for his past criminal acts.  See Collins v. Youngblood, 497 U.S. 37, 52 (1990) (stating standard for ex post facto claim); Flemming v. Nestor, 363 U.S. 603, 612-21 (1960) (discussing that where statute does not intend to punish and serves legitimate interest, no violation of Ex Post Facto Clause).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.