139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Zolo Agona AZANIA, Plaintiff-Appellant,
v.
Evan BAYH, Walt Moore, Bruce Lemmon, James A. Bottoroff, and
Pamela Carter, Defendants-Appellees.
 No. 96-4157.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 26, 1998.*
Decided Feb. 27, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 3:96-CV-0303AS, Allen Sharp, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, and Hon. WALTER J. CUMMINGS and Hon. Kenneth F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Pro se appellant, Zolo Agona Azania, was sentenced to death and is incarcerated at the Indiana State Prison in Michigan City, Indiana. In his complaint, Azania sought return of his personal property, a new state court grievance process, and, in general, declaratory and injunctive relief under 42 U.S.C. § 1983 against Evan Bayh, former Indiana Governor; Pamela Carter, former Indiana Attorney General; Walt Moore, Indiana Department of Correction (IDOC) Offender Relations Manager; Bruce Lemmon, IDOC Administrative Director; James Bottoroff, Correctional Sergeant, Indiana State Prison; and Rowena Stahoviak, Prison Release Coordinator ("defendants"). Defendants filed a motion to dismiss Azania's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court granted. Azania appeals.
 
 
 2
 In his complaint, Azania alleged that Bottoroff and other prison guards "stole" his food, legal materials, a hot-pot, notebooks, a mirror, undershorts, t-shirts, newspapers, magazines, books, and art material during "egregious shake-down" searches of his prison cell. Azania asserted that he wrote letters to Bayh, Carter, and Lemmon regarding the theft of his personal belongings "to no avail." Azania also stated that he talked with Lemmon in person about the theft of his personal property. Last, Azania alleged that Stahoviak withheld his legal mail.
 
 
 3
 Construing Azania's pro se complaint liberally, accepting all of the well-pleaded allegations as true, and drawing all reasonable inferences in favor of Azania, see Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir.1997), we conclude that the district court's dismissal of his complaint was proper.
 
 
 4
 First, Azania claims that prison officials intentionally deprived him of his property in violation of his Fourteenth Amendment right to due process. However, it is well-established that the intentional deprivation of an inmate's property does not amount to a constitutional violation if there is an adequate post-deprivation remedy available. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Because the Indiana Tort Claims Act, Indiana Code § 34-4-16.5-1 et seq., provides an adequate remedy to redress an inmate's property loss, Azania has no basis for an action under 42 U.S.C. § 1983. See Hossman v. Spradlin, 812 F.2d 1019, 1023 (7th Cir.1987).
 
 
 5
 Next, Azania claims that Stahoviak withheld his legal mail and that the prison guards confiscated his legal materials; therefore, both the guards and Stahoviak denied him access to the courts. The United States Supreme Court addressed prisoners' access to courts in Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The Lewis Court stated that prisoners do not have unrestricted rights to law libraries, materials, and legal assistance, but are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 2180 (quoting Bounds v. Smith, 430 U.S. 817, 825, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). The Lewis Court concluded that in order for a prisoner to assert a constitutional violation, actual injury must be shown, i.e., actual harm resulting from the defendants' conduct such as an inability to litigate a legitimate legal claim. Id.; see also Hains v. Washington, 131 F.3d 1248, 1249 (7th Cir.1997) (prisoner cannot maintain claim of denial of access to courts if actual injury is not identified). Here, Azania failed to allege actual injury as required by Lewis. Azania does not specify the nature of the materials that the prison guards confiscated nor does he explain how the confiscation of his legal materials and mail frustrated or impeded litigation of a challenge to his sentence or imprisonment. Therefore, Azania lacks standing to bring this claim. See Lewis, 116 S.Ct. at 2179.
 
 
 6
 Azania also maintains that the State of Indiana does not have an adequate grievance process to redress his various prison grievances, however, from Azania's complaint it is unclear what constitutional right has been violated. In his complaint, Azania alleged that he contacted various State of Indiana officials and IDOC personnel about the confiscation of his personal property. However, from Azania's allegations it is unclear exactly how the grievance procedures failed him. The record does reflect that Moore wrote a letter responding to Azania's grievance claim directing Azania to follow the normal grievance procedures pursuant to Indiana Code § 11-11-1-2. Nonetheless, any right a prisoner has to the a grievance process is a procedural right, not a substantive one; thus, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996). Accordingly, this claim was properly dismissed because it is not remediable in a civil rights action.
 
 
 7
 Last, Azania maintains that the district court did not allow him to conduct proper discovery and amend his complaint. Defendants filed a motion to dismiss Azania's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Azania then filed a "First Request for Interrogatories" and a "Notice of Intent to Amend Complaint." Shortly thereafter, Azania filed his response to the defendants' motion to dismiss. The district court then granted defendants' motion to dismiss without addressing Azania's discovery request or granting his motion to amend the complaint.
 
 
 8
 The district court has wide discretion in determining the manner and course of discovery. Fed.R.Civ.P. 26(b); Gile v. United Airlines, Inc., 95 F.3d 492, 495 (7th Cir.1996). This court will not reverse the district court's limitation of discovery unless a party makes a showing that the denial of discovery resulted in actual and substantial prejudice. Gile, 95 F.3d at 499. Here, the district court's decision to rule on the Rule 12(b)(6) motion before defendants had responded to Azania's interrogatories was not an abuse of discretion. From the record it is evident that the answers to Azania's requested interrogatories would not have affected the propriety of the dismissal of his complaint for failure to state a claim upon which relief can be granted. In addition, Azania does not argue or show how the denial of his discovery resulted in actual and substantial prejudice. Id.
 
 
 9
 Last, the district court did not abuse its discretion in denying Azania's motion for leave to amend his complaint. See Shanahan v. Chicago, 82 F.3d 776, 781 (7th Cir.1996). Azania filed a "Notice of Intent to Amend Complaint" stating that he intended to add names of other parties involved pursuant to Federal Rule of Civil Procedure 15. Because Azania's complaint was dismissed due to his failure to claim a deprivation of any federally protected right, not for failing to name the proper parties, a grant of leave to file an amended complaint would have been futile. Shanahan, 82 F.3d at 781 (request to amend complaint meritless because amended complaint suffered from the same defects as original complaint).
 
 
 10
 Therefore, the district court judgment is AFFIRMED.[1]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 This appeal counts as a "strike" under 28 U.S.C. § 1915(g) due to its frivolous nature. Judge Sharp assessed a strike against Azania in the district court because the complaint failed to state a claim. Thus, Azania's next strike will affect his right to bring a federal civil rights suit or appeal. 28 U.S.C. § 1915(g)