165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Zolo Agona AZANIA, Plaintiff-Appellant,
v.
Walt MOORE, et al., Defendants-Appellees.
 No. 96-4198.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1998.*
Decided Nov. 25, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 93-C-881. Allen Sharp, Chief Judge.
 Before Hon. KENNETH F. RIPPLE, Hon. DANIEL A. MANION, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Zolo Azania, previously known as Rufus Averhart, is a death-row inmate at the Indiana State Prison (ISP) in Michigan City, Indiana. Azania previously has litigated nine civil appeals in this court. He presently appeals the district court's grant of summary judgment for the defendants in an action he filed under 42 U.S.C. § 1983. The defendants, Walt Moore, Robert Farley, Barry Nothstine, Dale Monroe, John Carter and Irvin Zitt, are present or former correctional employees at ISP. Azania alleged that the defendants violated his right of access to the courts during the appeal of his conviction and while he pursued one of his previous civil cases. The district court referred the case to a magistrate judge, who recommended granting summary judgment in favor of the defendants. The district court approved the recommendation and dismissed. On appeal, Azania offers no arguments pertaining to the grounds on which the magistrate judge based his recommendation; rather, he argues an issue that was never raised before the district court. We affirm.
 
 
 2
 Azania was convicted of murder and sentenced to death in 1982. With the aid of counsel, he pursued an unsuccessful appeal of his conviction and filed a petition for post-conviction relief. In 1993, the Indiana Supreme Court ordered a new sentencing hearing. In 1996, Azania again was sentenced to death, and, with the aid of counsel, he again filed an appeal.
 
 
 3
 During the same period, Azania also litigated extensively on his own behalf, filing numerous § 1983 complaints against various governmental and correctional officials. The gist of these pro se complaints was that the defendants stole Azania's personal possessions, refused to provide him with legal and writing materials, opened his mail and provided inadequate and costly postal services. Azania contended that, as a result, the defendants had violated his right of access to the courts.
 
 
 4
 In 1993, Azania filed the present case, in which he alleged that the defendants denied him access to the courts during his criminal appeals and during one of the previous civil cases. See Azania v. Bayh, 23 F.3d 410 (7th Cir.1994). Azania complains that the defendants impeded his access to writing materials, took his law books out of his cell, removed all of the law books that had been donated to his death row unit by federal judges and law schools, refused to mail his legal correspondence for free despite the fact that he had less than thirty dollars in his prison account, and forced him to pay for photocopies. In addition, he alleges that defendant Carter frustrated his legal research by barring law clerks from the death row unit, such that he "su[ed] the wrong people, because [he was] not able to do a preliminary investigation on the [Bayh ] case."
 
 
 5
 A magistrate judge recommended granting summary judgment in favor of all six defendants. The magistrate judge concluded that (1) Azania could not have been denied access to the courts in the criminal proceedings because he was represented by counsel; (2) Azania had access to an adequate "satellite" law library while he was pursuing his Bayh complaint; (3) the defendants' alleged conduct had not prevented Azania from litigating the Bayh case; and (4) Azania had failed to demonstrate any prejudice, for the defendants' alleged conduct was unrelated to the basis on which the district court dismissed his case. The district court adopted the magistrate judge's report and recommendation, and entered judgment for the defendants.
 
 
 6
 On appeal, Azania concedes that he suffered no "actual injury," and raises none of the other issues dealt with in the district court .(p.1) Rather, he argues that, since the prison's law library is financed in part with commissary profits, and since he "benefitted from the privilege" of using the death row library during a period of more than sixteen years, the removal of the books constituted a deprivation of a right, or "property interest," that has "attached over long usage."
 
 
 7
 Azania does not raise any issues pertaining to his original complaint on appeal, so he has waived them. See, e.g., Parrillo v. Commercial Union Insurance Company, 85 F.3d 1245, 1249-50 (7th Cir.1996). The "property interest" claim that Azania does raise is presented for the first time on appeal. " '[I]ssues not raised in the district court are deemed waived' on appeal, so long as the opposing party argues that a waiver of that issue occurred." United States v. Torres, 142 F.3d 962, 968 (7th Cir.1998) (quoting Momient-El v. DeTella, 118 F.3d 535, 540 (7th Cir.1997)). It is true that "there may exist narrow exceptions to the general rule barring consideration of new arguments on appeal 'where jurisdictional questions are presented or where, in exceptional cases, justice demands more flexibility." ' Huntzinger v. Hastings Mutual Insurance Company, 143 F.3d 302, 307 (7th Cir.1998) (quoting Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1333 (7th Cir.1977)). The present case, however, "neither implicates jurisdictional issues nor gives rise to exceptional circumstances." Id.
 
 
 8
 Simply put, Azania's appeal is frivolous. He has failed to object to any of the specific findings and recommendations of the magistrate judge, and therefore has waived any arguments he might have made pertaining to them. Since the one issue Azania does address must also be regarded as waived, we AFFIRM the district court's ruling.
 
 
 9
 We further note that this appeal counts as a strike under 28 U.S.C. § 1915(g). Since Azania has accumulated two previous "strikes" under that section, see Azania v. Bayh, 139 F.3d 901, 1998 WL 90877,** 3 n. 1 (7th Cir.1998) (unpublished order), he will be barred from filing future actions without paying the full costs of suit unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)