UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 29, 2005[*]
Decided November 29, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3206

| | |
|---|---|
| ZOLO AGONA AZANIA, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *v.* | No. 3:05cv296 |
| DANIEL R. McBRIDE et al., *Defendants-Appellees.* | Robert L. Miller, Jr., *Chief Judge.* |

## O R D E R

Zolo Agona Azania submitted a complaint under 42 U.S.C. § 1983 and a petition to proceed in forma pauperis ("IFP") in May 2005.  His IFP petition did not mention that he had previously accumulated "three strikes" under 28 U.S.C. § 1915(g) for bringing frivolous actions.  The district court noted Azania's three strikes, denied his IFP petition, and informed him that unless he paid the $250

---

[*] The appellees were not served with process in the district court and are not participating in this appeal.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the appellant's brief and the record.  *See* Fed. R. App. P. 34(a)(2).

filing fee in full by June 10, his claim would be dismissed. Azania twice moved for an extension of time to pay the fee; the district court denied both motions. On June 23 the district court dismissed the case for nonpayment but reminded Azania that he was still obliged to pay the $250. Azania, not yet aware of the dismissal, delivered the funds to prison officials on June 27 and then submitted a motion representing that he had mailed the fee and asking the court to reconsider its refusal to extend the payment deadline. The motion reached the court before the money, and the court denied it, both because the fee had not been paid and because the action already had been dismissed. Azania appeals.

Under § 1915(g) a prisoner cannot "bring a civil action" if he has "on 3 or more prior occasions, while incarcerated . . . brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," unless he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). We had already told Azania that he'd accumulated "three strikes" under § 1915(g) and would have to pay in full before bringing future actions unless he was threatened with imminent physical danger. *Azania v. Moore*, No. 96-4198, 1998 WL 847062, at *2 (7th Cir. Nov. 20, 1998) (unpublished order). Since Azania was not in any danger, he was required to pay the full filing fee before *bringing* his § 1983 action. *See Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). And where a prisoner seeks to obtain IFP status after a federal judge has warned him that § 1915(g) applies to him, the suit should be immediately terminated. *See Sloan,* 181 F.3d at 859. The district court, then, was not obliged even to give Azania the extra time it did to pay the filing fee, and so the court could not have abused its discretion by dismissing the action for nonpayment or for declining to reopen the case when Azania represented that the fee was on the way. Moreover, the eventual arrival of the filing fee changed nothing; Azania remained obligated to pay after the dismissal because he violated § 1915(g) simply by bringing the action. *See id.*

AFFIRMED.