Ernest F. WALTERS, Appellant,

v.

Paul GROSSHEIM and John Thalacker, Appellees.

No. 95–1771.

Supreme Court of Iowa.

Sept. 18, 1996.

See also, 525 N.W.2d 830.

Ernest F. Walters, Fort Madison, pro se.

Thomas J. Miller, Attorney General, and Layne M. Lindebak, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., HARRIS, LARSON, TERNUS, and SCHULTZ,* JJ.

HARRIS, Justice.

In *Walters v. Grossheim*, 525 N.W.2d 830, 833 (Iowa 1994) [hereinafter *Walters I* ], we held that due process requires an informal predeprivation hearing before monies could be taken from an inmate's private funds towards satisfaction of a restitution debt. The present dispute arose between the same par-

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1995).

ties following remand. It involves three separate funds taken from plaintiff Ernest Walters: (1) an amount taken prior to our decision in *Walters I;* (2) an amount taken while *Walters I* was pending; and (3) an amount collected after *Walters I* was decided. We affirm in part, reverse in part, and remand.

■ Our review of this declaratory judgment action in equity is de novo. *Mead v. Iowa State Bd. of Parole,* 331 N.W.2d 102, 103 (Iowa 1983). The question is whether the proceedings following remand complied with our *Walters I* mandate.

The first fund, consisting of $217.16 seized by the department of corrections prior to our *Walters I* holding, was paid to the clerk of court who applied it toward satisfaction of Walters' restitution debt. The district court, after noting our *Walters I* holding, found that this fund had already been paid to the obligees. The court therefore directed that $217.16 would be offset by reducing the amount of future monies that would otherwise be subject to Walters' restitution obligations. Although Walters does not dispute this practical solution, the department challenges it on cross-appeal.

The second fund, consisting of $91.19, was taken from Walters' private funds during the pendency of *Walters I.* It was held in escrow rather than being paid over in restitution. The district court ordered this fund returned to Walters, but held it was then to be subject to collection by the department after a hearing comporting with *Walters I.* Walters argues this order allows the department of corrections to improperly conduct a postdeprivation hearing.

The third fund consists of monies collected after *Walters I* was decided. The trial court held due process was satisfied by an adequate predeprivation hearing prior to seizure. Walters assigns this holding as error.

■ I. We agree with Walters' challenge to the district court holding that the second fund ($91.19), though ordered returned to Walters, could thereafter be seized by virtue of a subsequent "predeprivation hearing." Under such a practice, correction authorities would be free to seize prisoners' funds without the required predeprivation hearing and, in practical effect, respond to any protest by handing the funds back and seizing it again upon a hearing. The upshot would be a de facto postdeprivation hearing for persons who protest. Because our opinion in *Walters I* deemed postdeprivation proceedings insufficient for due process,[1] we cannot approve the practice.

■ II. On cross-appeal correction officials challenge that part of the trial court holding that ordered the first fund ($217.16) to offset Walters' restitution payments. The parties' arguments are the same as those urged under issue I of this opinion. For the reasons previously stated, we find the district court ruling on this issue was correct.

■ III. With regard to the third fund (monies seized following *Walters I* ) Walters argues correction officials did not follow the three requirements of *Walters I* requiring prison officials to: "(1) notify prisoners of the proposed amendment to their restitution plans including—where appropriate—assessment against 'outside sources'; (2) permit time for objection to the proposed amendment; and (3) consider the objections in formulating an individualized plan for the future." *Walters I,* 525 N.W.2d at 833. Walters concedes the department gave notice and permitted time for objection, thus satisfying the first two *Walters I* requirements. He only contends the department did not consider the objections in formulating an individualized plan as required by the third prong of *Walters I.*

The department implemented a procedure under Iowa Administrative Code rule 201–20.11 (1994) and department policy IN–V–106 to determine if Walters should be exempt from the seizure. Iowa Administrative Code rule 201–20.11(7) provides exceptions to restitution collection from outside funds that

1. Correction authorities cite *Mahers v. Halford,* 76 F.3d 951, 955 (8th Cir.1996) (rejecting claim that due process requires an "individualized hearing before any deductions [can be] made from outside source funds"). Because it is neither the law of the case, nor the law of our state under the majority holding in *Walters I, Mahers* has no application.

take into account the individualized particular circumstances of the inmate. Department policy IN–V–106 parallels the exceptions listed in the administrative code. This procedure was more than adequate to satisfy the due process requirements under *Walters I.*

■ There is no authority to support Walters' separate claim of a constitutional right for an inmate to be able to pay for educational costs rather than to pay restitution debt owed the state, and we reject it.

The case must be remanded for judgment in accordance with this opinion. Tax costs on appeal one-half to Walters and one-half to the department.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**