STATE of Iowa, Appellee,

v.

James R. LOVE, Appellant.

No. 97–1230.

Supreme Court of Iowa.

Dec. 23, 1998.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Layne M. Lindebak, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and CADY, JJ.

PER CURIAM.

■ James Love, an inmate at the Iowa Men's Reformatory, appeals from the district court's denial of his request for the return of restitution funds.[1] He argues his prison al-

---

1. Love also briefly challenges that he was not given notice of the deductions and an opportunity to object under Iowa Code § 904.702 (1997). The notice provisions became effective on July.1, 1995. *See* Iowa Code § 904.702 (Supp.1995).

We find the amended provisions of § 904.702 are inapplicable in this case because Love is challenging the director's deductions prior to the December 22, 1994, hearing. Therefore, we do not consider Love's challenge regarding the 1997

lowances were seized for payment of restitution prior to a hearing regarding his ability to pay in violation of his due process rights, and he is entitled to reimbursement. *See* U.S. Const. amend. XIV. Finding Love has only a limited property interest in his prison allowances subject to the statutory deductions provided in Iowa Code section 904.702 (1993), we affirm the district court ruling.

### I. Factual Background and Proceedings.

James Love was convicted of first-degree robbery on March 13, 1989. In April 1989, the district court issued a supplemental order requiring Love to pay $123.60 in costs and $1336.91 in attorney fees. The director of the Iowa Department of Corrections (IDOC) prepared a restitution plan and began withholding twenty percent of his prison allowances for payment of restitution. *See* Iowa Code § 910.5 (1989) (director prepares a restitution plan of payment); § 904.702 (director may deduct an amount established by restitution plan from prison allowance). Love filed a motion to enjoin the collection or for a restitution hearing. The district court denied both requests, and Love appealed. We reversed and remanded, finding Love was entitled to a hearing pursuant to Iowa Code section 910.7 (1993). *See State v. Love*, No. 93–1414 (Iowa Aug. 8, 1994). Following a December 22, 1994, hearing on remand, the district court concluded Love was reasonably able to pay the restitution. The court of appeals affirmed that decision on Love's appeal. *See State v. Love*, No. 95–186 (Iowa App. Feb. 2, 1996).

On May 7, 1997, Love filed an application for the return of the restitution funds seized from his prison allowances prior to the December 22, 1994, hearing. He argued he had a property interest in his prison allowances and was entitled to the return of the funds seized prior to the hearing, citing *Walters v. Grossheim*, 525 N.W.2d 830 (Iowa 1994) ("*Walters I*"), and *Walters v. Grossheim*, 554 N.W.2d 530 (Iowa 1996) ("*Walters II*"). On June 6, 1997, the district court denied the request for return of funds. It concluded *Walters I* and *Walters II* were distinguish-

able because they addressed only an inmate's due process rights to a predeprivation hearing concerning private or outside funds.

On appeal Love contends the district court erred in distinguishing his situation from those cases involving private funds. He argues he has a property interest in his earned prison allowances. Because he was not afforded an immediate hearing prior to the withdrawal of his funds, he urges that all of the funds seized before the December 22, 1994, hearing should be returned.

The State argues Love does not have a protected property interest in his prison wages, citing *Hrbek v. Farrier*, 787 F.2d 414 (8th Cir.1986), and contends our holdings in *Walters I* and *Walters II* are only applicable to private or outside funds.

### II. Scope of Review.

■■■ We generally review matters regarding restitution for an abuse of discretion. *See State v. Blank*, 570 N.W.2d 924, 927 (Iowa 1997). To the extent, however, Love raises a constitutional due process challenge, our review is de novo. *See State v. Yaw*, 398 N.W.2d 803, 805 (Iowa 1987). Additionally, our review of the construction of statutes is at law. *State ex rel. Lankford v. Allbee*, 544 N.W.2d 639, 640 (Iowa 1996).

### III. Does an Inmate have a Right to Reimbursement of Prison Allowances Deducted for Restitution Without a Predeprivation Hearing?

#### A. Walters I and II.

Because the parties' arguments and the district court ruling involve the extension of *Walters I* and *Walters II*, we will briefly review those cases in turn.

In *Walters I*, an inmate challenged the IDOC's withdrawal of his private funds (cash gifts from his father) to pay restitution. *Walters I*, 525 N.W.2d at 831. We determined an inmate has a protected property interest in his prison account and cannot be deprived of his private funds without due process. *Id.* at 831–32; *see* U.S. Const.

---

Code provisions. Additionally, Love did not preserve error because he did not raise this issue to

the district court in his application. *See State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997).

amend. XIV. We stated that, while an inmate is compelled to pay restitution and section 904.702 specifically authorizes deductions from prison allowances, the legislature did not authorize "blanket postrestitution-plan deduction[s] from nonwage assets." *Walters I,* 525 N.W.2d at 832. Although finding a postdeprivation hearing was not adequate to satisfy due process, we instructed that prison officials must merely notify the prisoner of the assessment against outside sources, permit time for objection, and consider the objections in forming the new restitution plan. *Id.* at 833.

In *Walters II* the inmate sought the return of his funds seized by the IDOC prior to the *Walters I* ruling. *Walters II,* 554 N.W.2d at 531. We ruled any funds seized without a predeprivation hearing must be returned. *Id.* To allow otherwise would result in a de facto postdeprivation hearing. *Id.*

**B.  Does an inmate have a property interest in prison allowances?**

■ The core issue is whether Love has a protected property interest in his earned prison allowances, thereby invoking a due process right to a predeprivation hearing. *See Walters I,* 525 N.W.2d at 831–32; U.S. Const. amend. XIV. *Walters I* is not dispositive of this issue because that decision only addressed an inmate's property interest to private or outside funds. *See Walters I,* 525 N.W.2d at 832.

■ An inmate does not have a constitutional right to prison wages. *Hrbek,* 787 F.2d at 416. Therefore, any property interest is granted and its limits are defined by the grace of the state legislature. *Id.* (citing *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972)); *accord Allen v. Cuomo,* 100 F.3d 253, 261 (2d Cir.1996) (New York law creates an entitlement to prison wages but no statutory grant to prompt payment of those wages); *Jennings v. Lombardi,* 70 F.3d 994, 995 (8th Cir.1995) (Missouri law did not create a property interest in prison wages for its prisoners incarcerated in other states); *Robinson v. Cavanaugh,* 20 F.3d 892, 894 (8th Cir.1994) (state statutes did not provide an inmate a property interest to a higher wage scale); *Turner v. Nevada Bd. of State Prison Comm'rs,* 624 F.Supp. 318, 320 (D.Nev.1985) (property interest in prison wages subject to statutory deductions under Nevada law). For a state law or regulation to create a liberty interest, it must contain explicit mandatory language and place substantive limitations or specific substantive predicates on the exercise of official discretion. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 462–63, 109 S.Ct. 1904, 1909–10, 104 L.Ed.2d 506, 516–17 (1989).

Therefore, we must look to the statutory provisions governing prison allowances to determine what property interest, if any, was granted by the legislature. The pertinent statutes in force prior to the December 1994 hearing are Iowa Code sections 904.701 and 904.702 (1993). Section 904.701 provides in part:

> The director *may when practicable pay the inmate an allowance* as the director deems proper in view of the circumstances, and in view of the cost attending the maintenance of the inmate. *The allowance is a gratuitous payment and is not a wage* arising out of an employment relationship. The payment shall not exceed the amount paid to free labor for a like or equivalent service.

(Emphasis added.)  Section 904.702 provides in pertinent part:

> If allowances are paid pursuant to section 904.701, *the director may deduct an amount established by the inmate's restitution plan* of payment or an amount sufficient to pay all or part of the court costs taxed as a result of the inmate's commitment.... *The director may deduct an amount,* not to exceed ten percent of the amount of the allowance, unless the inmate requests a larger amount, to be deposited into the inmate savings fund.... *The director may deduct* and disburse an amount sufficient for industries' programs ..., including an amount to pay all or part of the cost of the inmate's incarceration. *The director may pay all or any part of remaining allowances* paid pursuant to section 904.701 directly to a dependent of the inmate, or *may deposit* the allowance to the account of the inmate, or *may deposit*

a portion and allow the inmate a portion for the inmate's personal use.

(Emphasis added.)

These provisions clearly vest considerable discretion in the director to determine whether to pay prison allowances, and if such allowances are paid, what deductions may be made therefrom.

The Eighth Circuit Court of Appeals, in addressing our predecessor statutes regarding prison allowances, Iowa Code sections 218.42 and 218.43 (1985),[2] determined the Iowa legislature did not grant inmates a property interest to the full amount of prison wages. *Hrbek*, 787 F.2d at 416–17. Analogous to sections 904.701 and 904.702, section 218.42 granted the director the discretion to pay a wage and section 218.43 specifically authorized the deduction of certain costs from that wage. *Id.* at 416. The court stated:

> [A] state legislature may grant a favor to a convicted criminal, but it may also attach such conditions to the granting of the favor as it deems proper. This is exactly what the Iowa Legislature has chosen to do ... and we infer from that express statutory language that the state did not intend to confer property rights on those wages in the constitutional sense.

*Id.* (citations omitted). Accordingly, the *Hrbek* court concluded an inmate did not possess a protected property interest under the Due Process Clause to the full amount of the prison wages. *Id.* at 417.

Our review of sections 904.701 and 904.702 reveals the legislature placed considerable conditions on the payment of inmate allowances. First, we note the director of the institution is not required to pay an allowance, and if any allowance is paid, it is considered gratuitous. Moreover, the legislature has, in section 904.702, detailed how the

director may exercise discretion in allocating the allowance. The director, however, does not have unfettered discretion to control the allowances and may only make deductions that are provided by statute. *See Lankford*, 544 N.W.2d at 641.

Our decision in *Lankford*, coupled with the statutory provisions authorizing deposit of the allowance into an inmate's savings or general account and granting the director the option of giving a portion to the inmate for personal use, militate against finding the inmate has *no* property interest in the allowance. Conversely, the gratuitous nature of the allowance and the various discretionary statutory deductions is inconsistent with a finding that an inmate has *full* property rights to the allowance.

■ We conclude the legislature did not intend to give an inmate a property interest in full prison allowances. Essentially, the legislature granted inmates the favor of providing a mechanism for receipt of gratuitous payments for work performed and has attached certain conditions thereto. See *Hrbek*, 787 F.2d at 417; *Webb v. Maynard*, 907 P.2d 1055, 1059 (Okla.1995). Although the payments are gratuitous, once the director has decided to pay the allowance, an inmate has a property interest subject to the numerous deductions authorized by the legislature in section 904.702. Because the director was authorized to deduct restitution payments from Love's prison allowances pursuant to section 904.702, Love did not have a due process right to a predeprivation hearing and is not entitled to reimbursement of those funds pursuant to *Walters II*.

## IV. Disposition.

We find the district court did not err in denying Love's application for reimburse-

---

**2.** Section 218.42 provided:

When a resident performs services for the state at an institution, the director in control of such institution may, when the director deems such course practicable, pay such resident such wage as it deems proper in view of the circumstances, and in view of the cost attending the maintenance of such resident. In no case shall such wage exceed the amount paid to free labor for a like service or its equivalent.

Section 218.43 provided:

If such wage be paid, the director in control of such institution may deduct therefrom an amount sufficient to pay all or a part of the costs taxed to such resident by reason of the resident's commitment to said institution. In such case the amount so deducted shall be forwarded to the clerk of the district court or proper official.

ment of restitution funds withdrawn by the director prior to the December 22, 1994, hearing. The director had the discretion to make such deductions pursuant to section 904.702, and Love was not entitled to a hearing prior to this exercise of statutory authority.

**AFFIRMED.**