Donald W. **GOODRICH**, Appellant,

v.

**STATE of Iowa**, Appellee.

No. 99–0037.

Supreme Court of Iowa.

March 22, 2000.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Chris Odell and Martha E. Boesen, Assistant Attorneys General, and William S. Owens, County Attorney, for appellee.

LAVORATO, Justice.

In this postconviction relief proceeding, the appellant, Donald W. Goodrich, appeals from a district court order that directed the Iowa Department of Corrections to withdraw moneys from his prison account to pay court costs and attorney fees incurred in the proceeding. We vacate and remand with directions.

## I. Background Facts and Proceedings.

In February 1998, the district court sentenced Goodrich to an indeterminate five-year prison term on a second-degree theft charge to which he had earlier pled guilty. Later the court ordered him to pay court costs of $222.70 and attorney fees of $382.50. Following this order, the district court further ordered Goodrich to make restitution (1) for these amounts pursuant to Iowa Code sections 910.2 and 910.3 (1997) and (2) in accordance with a restitution plan prepared by the Iowa Department of Corrections.

In April 1998, Goodrich filed a postconviction relief application challenging his conviction on grounds of ineffective assistance of counsel. Before proceeding with this postconviction proceeding, Goodrich filed a request to proceed in forma pauperis. In this request, Goodrich reported that he earned $50 per month at the Iowa State Penitentiary and that he had $2 in his prison account.

At Goodrich's request, the district court appointed counsel to represent him pursuant to Iowa Code sections 815.9 and 815.10. Following a hearing on his application, the district court denied Goodrich any relief. In addition, the court assessed costs against him pursuant to Iowa Code section 610A.1. The court further ordered that Goodrich pay court costs of $320.18 and to reimburse the state for court-appointed attorney fees of $472.50. The court also directed the department of corrections to withdraw monies from Goodrich's prison account for payment of court costs and court-appointed attorney fees at the rate of $25 per month until the obligations were fully paid.

Goodrich appealed, challenging only the order directing the department of corrections to withdraw monies from his prison

account to pay the court costs and court-appointed attorney fees at the rate of $25 per month. He contends the order violates his constitutional due process rights because the district court did not provide him a hearing to determine his ability to pay the $25 per month installment.

## II. Jurisdiction.

■ Preliminarily, we address the State's contention that we lack subject matter jurisdiction to hear this appeal under Iowa Rule of Appellate Procedure 1 because the claim Goodrich raises does not involve the merits of his postconviction relief application: ineffective assistance of counsel. *See* Iowa R.App. P. 1 (providing that final judgments and decisions of the district court involving "the merits or materially affecting the final decision[ ] may be appealed to the Supreme Court, except as provided in this rule and Iowa Rule of Appellate Procedure 3"). The State also contends we have no subject matter jurisdiction because the amount in controversy is less than $5000. *See* Iowa R.App. P. 3 (providing that no appeal will be taken if an action involves less than $5000).

The short answer to the State's contentions is that it has overlooked Iowa Code section 822.9, relating to appeals regarding postconviction relief proceedings. This provision pertinently provides that

> [a]n appeal from a final judgment entered under this chapter may be taken, perfected, and prosecuted either by the applicant or by the state in the manner and within the time after judgment *as provided in the rules of appellate procedure for appeals from final judgment in criminal cases.*

(Emphasis added.)

The record shows that Goodrich complied with this statutory provision. Therefore, under section 822.9, we clearly have subject matter jurisdiction to hear this appeal.

## III. The Court Order Requiring Goodrich to Pay $25 Per Month From his Prison Account.

Goodrich likens the challenged court order to a criminal restitution order in which the focus is on whether the defendant has the ability to pay the current installments. Although Goodrich concedes that this postconviction relief proceeding is not strictly a criminal action, he contends the same principles should nevertheless apply because the proceeding did involve a challenge to his criminal prosecution.

Goodrich points out that the original restitution order of $10 per month and the court-cost order of $25 per month leave him with little funds from his monthly income of $50 per month. He complains because the court did not consider that he might not receive $50 every month or that he might have other expenses. He offers that we should reverse the court-cost order of $25 per month and remand for a hearing on his ability to pay this monthly amount.

■ Constitutionally, a court must determine a criminal defendant's ability to pay before entering an order requiring such defendant to pay criminal restitution pursuant to Iowa Code section 910.2. Section 910.2 authorizes a court to order the offender to make restitution of court costs and court-appointed attorney's fees "to the extent that the offender is reasonably able to do so." The "reasonably able to pay" requirement enables section 910.2 to withstand constitutional attack. *State v. Haines*, 360 N.W.2d 791, 796 (Iowa 1985).

The problem with Goodrich's contention is that the challenged order was not a criminal restitution order. Rather, it was merely an assessment of court costs and attorney's fees under Iowa Code section 610A.1. Iowa Code chapter 610A applies to postconviction relief proceedings because such proceedings are civil actions. *See Fryer v. State*, 325 N.W.2d 400, 415 (Iowa 1982) (holding that postconviction proceeding is a civil suit).

Iowa Code section 610A.1(1) requires all inmates under the control of the department of corrections to "pay in full all fees and costs associated with" the inmate's *civil* action or appeal. Iowa Code section 610A.1(1)(a) directs the court to order the inmate (1) upon filing the action or appeal to pay a minimum of twenty percent of the required filing fee and (2) to make monthly payments of ten percent of all outstanding fees and costs associated with the action or appeal.

The district court did not enter an order requiring Goodrich to pay the minimum amount of the required filing fee under section 610A.1(1)(a) when Goodrich filed this postconviction action. So we concern ourselves no further with the minimum filing fee requirement under this provision.

The court costs of $320.18 and the court-appointed attorney's fees of $472.50 totaled $792.68. The district court ordered Goodrich to pay $25 per month on the total.

■ There are two problems with the district court order. First, the district court was without authority to enter an order directing Goodrich to pay anything less than ten percent of all outstanding fees and costs associated with this action. We can understand why the district court did so. Ten percent would amount to $79.27 per month, and this is almost $30 per month more than Goodrich earns at the penitentiary. Nevertheless, the court should have entered the order calling for the monthly payment of ten percent of court costs and attorney fees.

■ Second, the court's order did not simply provide for a $25 per month payment. Rather, the order provided:

The department of corrections shall withdraw moneys maintained in a Warden's account for Donald W. Goodrich (# 1117694) for payment of court costs and attorney fees, at the total rate of $25 per month, until the obligations are fully paid.

There is no statutory authority for the district court to direct the department of corrections to make a withdrawal from an inmate's prison account. Rather, as Iowa Code section 610A.1(1)(b) provides, that authority resides in the department of corrections:

If the inmate has an inmate account under section 904.702, the department of corrections shall withdraw moneys maintained in the account for the payment of fees and costs associated with the inmate's action or appeal in accordance with the *court's* order until the required fees and costs are paid in full.

Iowa Code § 610A.1(1)(b) (emphasis added).

Under Iowa Code section 904.702, the department of corrections can deduct "an amount sufficient to pay all or any part of any judgment against the inmate, including but not limited to ... *court costs and fees assessed ... as ... amounts required to be paid under section 610A.1.*" Iowa Code § 904.702 (emphasis added). But before the department may make the deduction, it must give the inmate "[w]ritten notice of the amount of the deduction." *Id.* The inmate has "five days after receipt of the notice to submit in writing any and all objections to the deductions to the director [of the department of corrections], who shall consider the objections prior to transmitting the deducted amount to the clerk of the district court." *Id.*

■ We think the legislature inserted the notice-and-opportunity-to-object language in section 904.702 to give the department of corrections authority to determine how a section 610A.1(1)(a) order for costs and attorney's fees would be collected. Without such authority, the order might be unfair, or even confiscatory. As with the "reasonably able to pay" standard in criminal restitution, we think this authority is necessary to allow a section 610A.1(1)(a) order to pass constitutional muster. *See State v. Love,* 589 N.W.2d 49, 52 (Iowa 1998) (holding that (1) prisoners have protected property interest in prison allowance subject to deductions authorized

in Iowa Code section 904.702 and (2) department has discretion in allocating the allowances but may make only those deductions authorized by statute).

Therefore, when the district court orders a prisoner "to make monthly payments of ten percent of all outstanding fees and costs associated" with the prisoner's action, the department has authority to determine the amount of the payment that can be collected from the prisoner's account. Absent this authority, the notice-and-opportunity-to-object language in section 904.702 would be meaningless. Additionally, the department must have this authority if it is to structure a payment plan that will accomplish what the legislature intended and will at the same time leave the prisoner enough to pay for essential items that the penitentiary does not provide. Here, after Goodrich has had an opportunity to be heard, the department will be in a position to structure a payment plan that will accomplish these two goals and at the same time will provide fairness to the process.

We conclude the district court's order was contrary to its statutory authority. We vacate the order and remand. On remand, the district court shall order Goodrich to make monthly payments of ten percent of the outstanding fees and costs associated with his postconviction relief action.

**JUDGMENT VACATED AND CASE REMANDED WITH DIRECTIONS.**

All justices concur except CARTER, J., who takes no part.