# IN THE COURT OF APPEALS OF IOWA

No. 17-1727
Filed September 26, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**RONALD SKYLER STEENHOEK,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Boone County, Timothy J. Finn, Judge.

　　　　The defendant appeals his conviction and sentence for theft in the second degree. **AFFIRMED.**

　　　　Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Katherine M. Krickbaum, Assistant Attorney General, for appellee.

　　　　Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Ronald Steenhoek appeals his conviction and sentence for theft in the second degree in violation of Iowa Code sections 714.1 and 714.2(2) (2017). Steenhoek argues the district court erred by assessing financial obligations to him without first making a determination of his reasonable ability to pay and abused its discretion when it sentenced him to five years' imprisonment.

**I. Background Facts and Proceedings.**

In May 2017, Steenhoek was charged with two counts of first-degree robbery. In September, the State filed an amended trial information charging Steenhoek with one count of theft in the second degree. Steenhoek plead guilty to the amended charge. Pursuant to a plea agreement, both sides were permitted to recommend sentences but Steenhoek was required to pay a fine of $750 plus surcharges, additional fines and fees, restitution, and court costs.

In October, the district court accepted Steenhoek's guilty plea and sentenced him. After hearing from the State and from Steenhoek, the district court sentenced Steenhoek to a prison term not to exceed five years and imposed the minimum fine of $750 plus surcharges, court costs, and attorney fees. The court gave the following rationale for its sentence:

> When I looked at the PSI before I came in, I frankly—every judge makes kind of an initial call in their mind what they think is appropriate. I looked at your fairly lengthy criminal record and I have to say that prison seemed to me to be a logical choice to make.
> I looked at the nature of the crime here. It appeared to me that it was particularly violent, although there was no one injured apparently, but to pull somebody over in a road and rob them essentially. I guess that wasn't the charge you pled guilty to but theft in the second degree, particularly violent. Okay.
> So that kind of shifted me towards thinking prison was the appropriate sentence here.

Then I heard your side of this and you make a good argument why that should not be done.

So I don't want to get your hopes up that I'm not going to send you to prison because I am; and the reason is that the nature of the offense, your prior record, and the fact that what you're pleading guilty to is a relatively insignificant crime. I know it carries with it a five year prison term but the fact of the matter is what I know and you probably know is that if I send you to prison, you're probably going to spend less than two years there, two and a half years the way things are set up.

And I would think that if you conduct yourself in prison the way you presented yourself here, that's going to be less than that. I can't guarantee that. That's out of my hands.

What I do is sentence you to a term not to exceed five years. I think that's the appropriate sentence here for these reasons.

One is that you have a very lengthy criminal record. That you have been given numerous opportunities to rehabilitate yourself by treatment for drug addiction and those factors kind of mitigate against giving you a sentence that keeps you in the community.

The other thing I need to mention is that at age forty-four, that is an age my experience suggests that if you're ever going to change, that's probably about the age you're going to change. That's something that happens to people, men in particular, when they get past forty, that they tend to think about the things that are a little more long-term in nature.

And so that's why I don't feel bad about sending you to prison.

Steenhoek appeals.

## II. Standard of Review.

We review the sentence imposed by the district court for errors at law. *State v. Grandberry*, 619 N.W.2d 399, 400 (Iowa 2000). Steenhoek claims he was deprived of his constitutional rights because the district court failed to determine his reasonable ability to pay before imposing a plan of restitution. We review Steenhoek's constitutional claims de novo. *See State v. Love*, 589 N.W.2d 49, 50 (Iowa 1998).

**III. Discussion.**

Steenhoek first argues the district court erred by assessing financial obligations to him without making a determination of his reasonable ability to pay. Steenhoek was assessed a fine of $750 plus surcharges, additional fines and fees, and court costs. Steenhoek describes the issue in this case as whether the district court had an obligation to preemptively make a determination regarding his reasonable ability to pay fines, surcharges, and costs before issuing a plan of restitution. A plan of restitution is a court order setting the full amount of restitution. Iowa Code § 910.3. Here, Steenhoek has not been issued a plan of restitution by the district court, nor has the district court made a determination of his reasonable ability to pay.

The State argues Steenhoek's claim is not ripe. We agree. "If a claim is not ripe for adjudication, a court is without jurisdiction to hear the claim and must dismiss it." *Iowa Coal Min. Co. v. Monroe Cty.*, 555 N.W.2d 418, 432 (Iowa 1996).

"A restitution order is not appealable until it is complete; the restitution order is complete when it incorporates both the total amounts of the plan of restitution and the plan of payment." *State v. Alexander*, No. 16-0669, 2017 WL 510950, at *3 (Iowa Ct. App. Feb. 8, 2017); *see also State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999) ("We conclude that he may not advance [a claim that the district court ordered restitution without first making a determination of the defendant's ability to pay] in this court on the present record for two reasons. First, it does not appear that the plan of restitution contemplated by Iowa Code section 910.3 was complete at the time the notice of appeal was filed. Second, Iowa Code section 910.7 permits an offender who is dissatisfied with the amount of restitution required by

the plan to petition the district court for a modification. Until that remedy has been exhausted we have no basis for reviewing the issue that defendant raises."); *State v. Kemmerling*, No. 16-0221, 2016 WL 5933408, at *1 (Iowa Ct. App. Oct. 12, 2016) ("Because the total amount of restitution had not yet been determined by the time the notice of appeal was filed, any challenge to the restitution order in this case is premature."); *State v. Martin*, No. 11-0914, 2013 WL 4506163, at *2 (Iowa Ct. App. Aug. 21, 2013) ("We find, because no restitution order is yet in place, Martin's challenge is premature."); *State v. Wilson*, No. 00-0609, 2001 WL 427404, at *3 (Iowa Ct. App. Apr. 27, 2001) ("We cannot address this issue at this time because no plan of restitution was completed at the time Wilson filed his notice of appeal and the record before us on appeal contains no court order dictating a plan for payment of restitution."). While "a court must determine a criminal defendant's ability to pay before entering an order requiring such defendant to pay criminal restitution," *Goodrich v. State*, 608 N.W.2d 774, 776 (Iowa 2000), here, the district court has not yet ordered the amount or plan of restitution. Steenhoek's restitution claim is premature.

To the extent Steenhoek argues the district court was required to determine his reasonable ability to pay prior to ordering the plan of restitution, our case law dictates otherwise: "Until [a plan of restitution] is done, the court is not required to give consideration to the defendant's ability to pay." *State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999). Steenhoek urges us to overturn precedent, arguing "the current state of the law is inapposite of the Iowa [C]ode and the constitutionally mandated requirement that the [c]ourt determine the defendant's reasonable ability to pay prior to creating the plan of restitution." We do not possess the power

to overturn precedent. *See, e.g.*, *State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

Next, Steenhoek argues the district court abused its discretion when it sentenced him to five years of incarceration. Steenhoek argues the district court failed to exercise its discretion because it focused primarily on Steenhoek's criminal record and failed to consider mitigating factors. Steenhoek argues his lack of criminal record between 2013 and the current offense is a mitigating factor the court failed to consider, along with his recent marriage.

We will not reverse the sentence imposed absent an abuse of discretion or some defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When the sentence imposed is within the statutory limits, it is "cloaked with a strong presumption" in its favor. *Id.* Steenhoek's sentence is within the statutory limits. *See* Iowa Code § 902.9(1)(e).

"In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *Formaro*, 638 N.W.2d at 724–25. We must also consider "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Id.* "Furthermore, before deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of

the sentencing options would satisfy the societal goals of sentencing." *Id.* Although a sentencing court has a duty to consider all the circumstances of a case, it is not required to "specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.").

Here, the sentencing court noted Steenhoek's criminal record, the nature of the crime, his history of failing to respond to substance-abuse treatment, and his age. The district court did not abuse its discretion but made a reasoned choice to impose a term of imprisonment not to exceed five years.

We affirm.

**AFFIRMED.**