# IN THE COURT OF APPEALS OF IOWA

No. 18-1286
Filed September 11, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARTIN RAY HIATT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Gregory W. Steensland, Judge.

An inmate appeals from the district court ruling denying his motion to quash the Iowa Department of Correction's collection of restitution from his prison account. **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

Martin Ray Hiatt, Fort Dodge, pro se appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Greer, JJ.

**POTTERFIELD, Judge.**

Martin Hiatt is an inmate in the custody of the Iowa Department of Corrections (IDOC).[1]  As part of his sentence, he was ordered to pay restitution.

In 2018, Hiatt filed a motion to quash, challenging IDOC's collection of restitution from his prison account.  He maintained IDOC was seizing funds from his prison account that came from outside sources and had not provided Hiatt a predeprivation hearing before doing so.

Following an unreported hearing, the district court denied Hiatt's motion, ruling Hiatt "does not have a protected property interest in restitution funds deducted from his prison allowances."  *See State v. Love*, 589 N.W.2d 49, 52 (Iowa 1998).

Hiatt filed a motion to reconsider, asserting that his complaint was not with restitution taken from his prison allowances but rather with the restitution taken from the outside funds that were deposited into his prison account.  In the same motion, Hiatt also asked the judge to recuse himself.  The district court denied the motion in whole, simply stating, "Motion for reconsideration and demand for recusal are denied."

Hiatt appealed.  The State requested a limited remand for the purpose of adding evidence to the record, noting "the record does not contain the restitution predeprivation notice completed by" IDOC.  Hiatt resisted, and our supreme court denied the State's motion and transferred the case to us.

---

[1] Hiatt was convicted of three counts of sexual abuse in the second degree and four counts of indecent contact with a child in 2012.

"[A]n inmate has a protected property interest in his prison account and cannot be deprived of his private funds [i.e. money gifts from outside sources] without due process." *Id.* at 50 (summarizing the holding of *Walters v. Grossheim*, 525 N.W.2d 830, 831–32 (Iowa 1994)). Because of this due process right, "prison officials must . . . notify the prisoner of the assessment against outside sources, permit time for objection, and consider the objections in forming the new restitution plan." *Id.* at 51. "[A]ny funds seized without a predeprivation hearing must be returned." *Id.* (citing *Walters v. Grossheim*, 554 N.W.2d 530, 531 (Iowa 1996)).

Based on the exhibits attached to Hiatt's motion, it appears IDOC routinely deducted 20% of the funds deposited into his prison account from outside sources for restitution purposes. But we have nothing in the record to establish whether Haitt was given notice of the deduction or the opportunity to object to it before it began.[2] The only thing we know with certainty is that Hiatt has a constitutional right to notice before being deprived of his private property. *Walters*, 525 N.W.2d at 831–32. Because we cannot say on this record whether that occurred, we remand to the district court for further proceedings.[3]

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[2] In an affidavit filed with the district court, Hiatt stated, "It is my belief that one of the forms I signed, under threats and duress, was a waiver of my predeprivation hearing right." In its appellate brief, the State urges us to rely on this statement as an admission that Hiatt waived his right to a hearing. We have found no case law that considers whether an inmate has the ability to waive a predeprivation hearing nor what showing must be made to establish the waiver of the right was valid. Moreover, the record does not contain the forms Hiatt signed, so we cannot verify whether any of them purported to do away with his right to a hearing.

[3] Hiatt has the burden to establish the grounds for recusal. *See State v. Milsap*, 704 N.W.2d 426, 432 (Iowa 2005). He has not convinced us the trial judge abused his discretion in denying the motion for recusal. *See id.*