# IN THE COURT OF APPEALS OF IOWA

No. 19-0758
Filed January 21, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JESSE RAY COLLINS,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.

Jesse Collins appeals the denial of his motion to quash his restitution plan,

alleging a violation of his due process rights. **AFFIRMED.**

Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MULLINS, Presiding Judge.**

Jesse Collins appeals the denial of his motion to quash his restitution plan, alleging a violation of his due process rights.

Collins pled guilty to a class "C" felony in May 2006. A sentencing hearing followed in August. Collins's sentence was initially suspended and included a special sentence pursuant to Iowa Code section 903B.1 (2006). Collins was ordered to pay costs, fees, and victim restitution. In 2007, Collins violated his probation, and the suspended sentence was revoked. When Collins was incarcerated, he received a restitution plan indicating his outstanding balance would be repaid in payments "consist[ing] of 20 percent of all institutional account credits."

Collins had multiple periods of incarceration over the next several years. In 2015, Collins arrived at the Iowa Medical and Classification Center. Upon his orientation, Collins received and signed intake paperwork including an acknowledgement form indicating certain information was provided, including a "Notice to Deduct Restitution." Collins signed a pre-deprivation notice on November 20, 2015, which stated a percentage of "monies received from all outside sources" would be deducted. The form notifies inmates of the process to lodge objections: "If you have objections to this procedure, you must state your reasons in writing and provide to your counselor within five calendar days of receiving this notice. If not returned within five calendar days, the [Iowa Department of Corrections] will assume that you have no objections." The bottom of the pre-deprivation notice is a signature block for administration to complete if an inmate objects. That portion of Collins's form remains empty, and there is no

record that he made a written objection within five days, in compliance with the objection procedures listed.

In November 2017, Collins filed in the district court a pro se motion to quash, arguing his due process rights were violated by the restitution deduction, and for correction of an illegal sentence. A hearing was held in March 2019. Collins testified he pays child support in the amount of $26.00 per week and owes more than $15,000.00 in back child support in addition to the restitution. Collins also testified he signed the paperwork, including the pre-deprivation notice, to avoid going to "the hole." The district court's order stated:

> The record does not reflect any steps taken by Collins to object to the withholdings. He did indicate that he filed an informal report; a grievance in 2017; and contacted his ombudsman. However, he was discharged and never heard anything about his complaints. He has apparently now be[en] re-incarcerated for violations of his special sentence. The record does not reflect that he ever filed a timely objection after receipt of the "Predeprivation Notice."

The district court denied the motion, finding the Iowa Department of Corrections provided adequate notice of the garnishment plan and the procedure for objection. The court stated Collins failed to exhaust administrative remedies and that the withholding was not improper.

"Ordinarily, we review a district court decision with respect to quashing . . . for abuse of discretion." *In re 2018 Grand Jury of Dallas Cnty.*, 939 N.W.2d 50, 55 (Iowa 2020). "To the extent, however, [a defendant] raises a constitutional due process challenge, our review is de novo." *State v. Love*, 589 N.W.2d 49, 50 (Iowa 1998).

Our supreme court has long held "that an inmate's money in prison accounts is protected property under the Constitution." *Walters v. Grossheim*, 525

N.W.2d 830, 831 (Iowa 1994) (*Walters I*). Thus, inmates are entitled to due process prior to deprivation of that property interest. *Id.* at 831–32. Although a pre-deprivation hearing is required, it "need not be more than an informal, nonadverserial review of [the inmate's] written objections to the proposed withdrawal of funds." *Id.* at 833. "To comport with due process, prison officials must merely (1) notify prisoners of the proposed amendment to their restitution plans including—where appropriate—assessments against 'outside sources,' (2) permit time for objection to the proposed amendment, and (3) consider the objections in formulating an individualized plan for the future." *Id.* A petition for a hearing to review restitution pursuant to Iowa Code "section 910.7 must be filed within thirty days from the entry of the challenged order" to maintain the connection to the original criminal matter. *State v. Jones*, No. 12-0736, 2013 WL 5761822, at *2 (Iowa Ct. App. Oct. 23, 2013) (citation omitted).

Collins's challenge to the funds withheld following his initial 2007 incarceration, prior to the 2017 motion, is untimely based on this court's analysis in *Jones*. *Id.* Our review of the record regarding the 2017 motion leads to the following discussion. Collins's 2015 incarceration was not his first. He was familiar with the withholding process and rate due to his 2007 incarceration. When Collins presented for intake in 2015, he signed multiple forms. The intake form shows Collins's acknowledgement that (1) "information has been provided or made available" to him, (2) his signature "verified [his] review and/or receipt of the information," and (3) a notice to deduct restitution was included in the information provided. The pre-deprivation notice provided notice that (1) "deductions will include monies received from outside sources," (2) objections must be made in

writing, and (3) objections must be made within five calendar days.  There is no record of any objection until the 2017 motion to quash.  To the extent Collins argues he did not understand the pre-deprivation notice, we note the form is not written in extensive legalese or with specific terms of art.

Our review of the record reveals Collins had sufficient notice of the restitution withholding plan and of his opportunity and the procedure to object.  We affirm the denial of Collins's motion to quash.

**AFFIRMED.**