# IN THE COURT OF APPEALS OF IOWA

No. 24-0556
Filed April 9, 2025

**ROBERT EDWARD SINN,**
Plaintiff-Appellee,

**vs.**

**TYRONE DEMARIO BRYSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Christopher Kemp,
Judge.

Tyrone Bryson appeals the dismissal of his application for postconviction
relief and the sanctions imposed by the court. **AFFIRMED.**

Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for
appellant.

Brenna Bird, Attorney General, and Patrick C. Valencia, Deputy Solicitor
General, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and
Chicchelly, JJ.

**CHICCHELLY, Judge.**

Tyrone Bryson appeals the dismissal of his application for postconviction relief (PCR) from his 1999 convictions and the sanctions imposed by the court. Bryson contends the district court abused its discretion by revoking thirty days earned time credit for filing a frivolous action and improperly took judicial notice of outside pleadings. Because substantial evidence supports the district court's determination that Bryson's claim is frivolous and the court did not abuse its discretion in imposing a penalty of loss of thirty days earned time credit, we affirm.

**I. Background Facts and Proceedings.**

In 1999, Bryson was convicted of first-degree burglary, second-degree robbery, and three counts of third-degree sex abuse. The district court sentenced Bryson to serve a combined total of eighty-five years in prison. Based on accrued earned time credit, Bryson's tentative discharge date is in January 2044.

Bryson believes that the Iowa Department of Corrections (IDOC) suspended his earned time credits. In 2022, he filed two actions alleging IDOC has done so unlawfully. The district court dismissed the first, a petition for writ of mandamus, after finding that IDOC did not suspend Bryson's earned time credit. In dismissing the second PCR application, the court found Bryson failed to allege that he exhausted his administrative remedies for the suspension of his earned time credit. The PCR court observed in an earlier ruling that it appeared Bryson was receiving earned time credits because his release date was 2044 and "[i]n the absence of such credits, his release date would be in 2084."

In 2023, Bryson again applied for PCR based on IDOC unlawfully suspending his earned time credits. The State moved to dismiss that claim as

frivolous and to sanction Bryson with a loss of thirty days of earned time credit. *See* Iowa Code §§ 610A.2, .3 (2023). After a hearing, the court granted the State's motion:

> Bryson has previously brought this same action against the same defendant based on the same facts, in two different forums within the last year and a half. The Court finds the action is frivolous, and dismissal is warranted. . . . Pursuant to Iowa Code section 610A.3, the Court is required to penalize the inmate when dismissing a claim pursuant to Iowa Code section 610A.2. Bryson shall lose earned time in the amount of thirty (30) days for bringing this frivolous claim.

Bryson appeals.

## II. Scope of Review.

We generally review PCR actions for errors at law. *See* Iowa R. App. P. 6.907; *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). If the trial court's findings are supported by substantial evidence and it correctly applied the law, we affirm. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012).

## III. Discussion.

Iowa Code section 610A.2(1)(b) allows the court to dismiss a civil action filed by an inmate if the action or claim is frivolous in whole or part. The provision applies to PCR proceedings. *See Goodrich v. State*, 608 N.W.2d 774, 776 (Iowa 2000) ("Iowa Code chapter 610A applies to [PCR] proceedings because such proceedings are civil actions."). Section 610A.2(2) sets out the factors the court may consider in determining whether an action is frivolous. One factor is that the action or claim "is without substantial justification, or otherwise has no arguable basis in law or fact, including that [it] fails to state a claim upon which relief could be granted." Iowa Code § 610A.2(2)(a).

If the court dismisses the action, the inmate is subject to the penalties described in section 610A.3. *See Maghee v. Iowa Dist. Ct.*, 712 N.W.2d 687, 691 (Iowa 2006). Penalties include the loss of some or all of the inmate's acquired earned time credits. Iowa Code § 610A.3(1)(a). "Because this provision does not mandate a set penalty, the sanction must rest in the discretion of the district court." *Maghee*, 712 N.W.2d at 695.

Bryson first contends that the district court erred by finding his claim frivolous. But this is the third action Bryson has brought in which he has claimed IDOC has unlawfully suspended his earned time credits. In the two prior actions, the court rejected the basis of Bryson's claim. Because the claim Bryson raises is substantially like those he raised and which were rejected in the two prior actions, substantial evidence supports the district court's finding that the claim is frivolous under Iowa Code section 610A.2(2)(a).

Bryson next contends that the district court abuses its discretion by reducing his earned time credit by thirty days. Because the court found that Bryson's claim is frivolous, it had to penalize him. *See* Iowa Code § 610A.3(1)(a) (stating that if an action brought by an inmate is dismissed under section 610A.2, "the inmate shall be subject to . . . [t]he loss of some or all of the earned time credits acquired"). The question is whether the court acted unreasonably by imposing a loss of thirty days of earned time credit. *See Maghee*, 712 N.W.2d at 695 (applying an abuse of discretion standard in reviewing sanctions under section 610A.3); *Giza v. BNSF Ry. Co.*, 843 N.W.2d 713, 718 (Iowa 2014) (stating that the court abuses its discretion by basing its ruling on unreasonable or untenable grounds). Because the loss of thirty days earned time credit falls well within the parameters of

section 610A.3, we find no abuse of discretion.  *See also Maghee*, 712 N.W.2d at 695 (upholding a sanction for loss of 2000 days earned time credit for filing a frivolous claim because the inmate failed to show it was excessive).

Finally, Bryson contends that the PCR court erred by improperly taking judicial notice of outside pleadings in granting the State's motion to dismiss. Bryson did not raise this issue below.  Thus, we find error is not preserved for our review.  *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012).

We affirm the dismissal of Bryson's PCR application and the penalty of loss of thirty days earned time credit.

**AFFIRMED.**