# IN THE COURT OF APPEALS OF IOWA

No. 23-1995
Filed April 23, 2025

**TYRONE ROBIN WASHINGTON JR.,**
        Plaintiff,

**VS.**

**IOWA DISTRICT COURT FOR WORTH COUNTY,**
        Defendant.
_____

Appeal from the Iowa District Court for Worth County, Rustin Davenport, Judge.

An Iowa Department of Corrections (IDOC) inmate, pursuant to a petition for writ of certiorari, seeks to overturn the district court's denial of his challenge to his restitution plan set by the IDOC. **WRIT ANNULLED.**

Tyrone Washington Jr., Fort Madison, self-represented plaintiff.

Brenna Bird, Attorney General, and H. Loraine Wallace, Assistant Attorney General, for defendant.

Considered without oral argument by Ahlers, P.J., Sandy, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**CARR, Senior Judge.**

Tyrone Washington seeks review of the district court's denial of his challenge to his restitution plan set by the Iowa Department of Corrections. He argues he did not receive a pre-deprivation notice informing him of his restitution plan. We annul the writ.

## I. Background Facts and Proceedings

Washington is currently serving a life sentence with no opportunity for parole based on his 2015 conviction for first-degree murder. Washington was ordered to pay $150,000 in victim restitution. Our court affirmed his conviction on direct appeal, *see State v. Washington*, No. 15-1829, 2016 WL 6270269, at *11 (Iowa Ct. App. Oct. 26, 2016), and procedendo was issued in July 2017.

Upon his arrival to prison, the IDOC, using a standard form, provided Washington with a pre-deprivation notice dated October 30, 2015, that his prison earnings and, importantly, gifted funds provided by third parties, would be subject to being diverted and applied to his restitution obligation. That notice stated as follows:

> You are hereby notified of the Iowa Department of Corrections (IDOC) intent to deduct the percent established in your current or future restitution plan(s) (including current or future legal obligation debts) from all credits to your offender account. These deductions will include monies received from outside sources . . . .
> If you have objections to this procedure, you must state your reasons in writing and provide to your counselor within five calendar days of receiving this notice. If not returned within five calendar days, the IDOC will assume that you have no objections.

The words "Refuse I object" are written on the "offender signature" line, which is dated November 2, 2015. On that same date, Washington signed the IDOC's "Reception Population Intake and Orientation Checklist," in which he

acknowledged that he had verified his "review and/or receipt of the . . . Notice to Deduct Restitution." Washington never provided any objections to the pre-deprivation notice, as required by the IDOC procedure he acknowledged receiving.

A transaction summary provided by Washington shows restitution payments of twenty percent were deducted from all deposits made by friends or family members into his account. The first deduction from such a payment occurred on July 22, 2017—three days after procedendo was issued. The IDOC had filed its plan of restitution on March 13, 2017, and provided Washington a copy of the plan by sending it to him "through the prison's intra prison mail service." The IDOC did not file, and Washington was not provided, a district-court-ordered restitution plan in October 2021. An updated restitution plan was filed on March 2, 2023, and sent to Washington "through the prison's intra prison mail service." That plan decreased the restitution owed by Washington by over $40,000. The district court found that the State "complied with its requirement to provide advance notice to [Washington]" of "restitution plans and any proposed amendments to the restitution plan."

On July 13, 2023 Washington filed a "Motion Requesting a Hearing Covering Routine, Periodic Donations of Money and other Non-Wage Assets and an Application for Modification/Refund of Restitution Amounts Taken by the IDOC" as well as a request for a restitution hearing in his criminal case. A few weeks later he filed a "Motion for Clarification."

Following an August hearing, the district court denied Washington's challenge to his restitution plan. Washington moved to reconsider, and the district court subsequently ordered IDOC to provide confirmation he received notice of

restitution plans. IDOC complied by providing the district court its "Response to the District Court's Restitution Questions." The district court then denied Washington's motion to reconsider.

Washington appealed the denial. Our supreme court treated his appeal as a petition for a writ of certiorari, which it granted. After briefing was completed, the matter was transferred to our court for consideration.

## II. Standard of Review

When a case comes before us on an original certiorari action, we review the district court's ruling for correction of errors at law. *Lozano Campuzano v. Iowa Dist. Ct.*, 940 N.W.2d 431, 434 (Iowa 2020). "A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise acted illegally," including "when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.* (citation omitted).

## III. Discussion

Washington argues the district court erred in permitting the IDOC to take monies from him, even after he objected to the pre-deprivation notice. Because we can dispose of Washington's claim on the merits, we assume without deciding his challenge is not barred by the statute of limitations, laches, claim preclusion, or res judicata.

"[A]n inmate's money in prison accounts," including money received as gifts, "is protected property under the Constitution." *Walters v. Grossheim (Walters I)*, 525 N.W.2d 830, 831 (Iowa 1994). But "[a]n offender committed to a penal or correctional facility of the state, shall make restitution while placed in that facility."

*Id.* at 832 (quoting Iowa Code § 910.5(1)). That duty to make restitution is subject to the inmate's reasonable ability to pay. *Id.*

"To comport with due process, prison officials must merely (1) notify prisoners of the proposed amendment to their restitution plans including—where appropriate—assessments against 'outside sources,' (2) permit time for objection to the proposed amendment, and (3) consider the objections in formulating an individualized plan for the future." *Id.* at 833. Iowa Administrative Code rule 201-20.11(5) provides that "[i]nitial complaints by incarcerated individuals regarding restitution plans of payment or modifications may be addressed via the grievance procedure for incarcerated individuals." The IDOC's policies and procedures on restitution are "more than adequate to satisfy the due process requirements under *Walters I*." *Walters v. Grossheim*, 554 N.W.2d 530, 532 (Iowa 1996).

Washington does not contend that the IDOC's restitution procedures are at odds with his constitutional due process rights. Rather, he contends that he properly objected to the pre-deprivation notice provided to him and was wrongfully denied an opportunity to have those objections heard at a pre-deprivation hearing. But Washington did not object to his pre-deprivation notice consistent with the IDOC's procedures for objecting. He did not ever "state [his] reasons in writing and provide [them] to [his] counselor," let alone submit such reasons "within five calendar days of receiving this [pre-deprivation] notice." As a result, IDOC policy permitted it to "assume that [Washington] ha[d] no objections."

Likewise, Washington never effectively objected to the restitution plan or its amendment. And we agree with the district court that the evidence provided by

IDOC was sufficient to show it "complied with its requirement to provide advance notice to [Washington]" of "restitution plans and any proposed amendments to the restitution plan."

And contrary to Washington's assertion, the notice itself was sufficient to notify him of the IDOC's intent to deduct restitution from his account—he signed the IDOC's "Reception Population Intake and Orientation Checklist," in which he acknowledged that he had verified his "review and/or receipt of the . . . Notice to Deduct Restitution." Washington does not provide specific evidence countering the IDOC's proof, advancing only generalized assertions that he did not receive notice.

Because Washington received a pre-deprivation notice, as well as copies of his restitution plans, and never objected to them, we find no basis to disturb the district court ruling.

**WRIT ANNULLED.**